**Ira H. KEMP and Yrminda Fortes**

**v.**

**C. Delores TUCKER, Secretary of the Commonwealth of Pennsylvania, and Commissioners of Dauphin County sitting as the Voter Registration Commission of Dauphin County, individually and representatively.**

**Civ. No. 74-260.**

United States District Court, M. D. Pennsylvania.

May 19, 1975.

Judgment affirmed Oct. 6, 1975.

Ira H. Kemp, pro se.

Israel Packel, Atty. Gen., J. Justin Blewitt, Lawrence Silver, Deputy Attys. Gen., William J. Madden, Jr., Harrisburg, Pa., for defendants.

Before ALDISERT, Circuit Judge, SHERIDAN, Chief District Judge, and NEALON, District Judge.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Plaintiffs, registered Pennsylvania voters, assert in this suit that portions of the Pennsylvania Election Code violate the United States Constitution, certain federal statutes and the Pennsylvania Constitution. Specifically, plaintiffs claim that (1) 25 P.S. §§ 623–20, 623–20.2, 951–18, 951–18.1 and 951–18.2, insofar as they require a person's race to be recorded on his voter registration card before he will be permitted to register to vote, violate (a) the privileges and immunities and equal protection clauses of the Fourteenth Amendment and Section 1 of the Fifteenth Amendment to the United States Constitution; (b) 42 U.S.C. § 1971(a)(1) which provides that "[a]ll citizens of the United States . . . shall be entitled and allowed to vote . . . without distinction of race, color, or previous condition of servitude . . . "; and (c) Article 7, Section 1 of the Pennsylvania Constitution, which specifies the qualifications of electors in the Commonwealth (Count I); (2) 25 P.S. §§ 623–24 and 951–22, insofar as they permit voter registration officials to reject an application for registration on the ground that a portion of the registration card

has not been completed, violate Section 1 of the Fifteenth Amendment (Count II); and (3) 25 P.S. § 162, "Tax for election expenses in Philadelphia," violates the Fourteenth and Fifteenth Amendments to the United States Constitution and 42 U.S.C. § 1981, which provides, *inter alia,* that all persons within the jurisdiction of the United States shall be subject to the same taxes. Plaintiffs request a declaration that the statutes in question are repugnant to the above-cited laws and seek an injunction against their enforcement.

Because the suit seeks an injunction against state statutes on the ground of their unconstitutionality, a Three-Judge District Court was convened on November 4, 1974. Defendants have filed a motion to dismiss alleging, *inter alia,* that the complaint fails to state a claim upon which relief can be granted, and that the plaintiffs lack standing to challenge the statutes attacked in the complaint. The issues raised by that motion have been fully briefed by the parties and are now ripe for a decision by this Court.

The five statutes challenged in Count I specify the manner of registration of voters in the Commonwealth of Pennsylvania.[1] The differences among these statutes are immaterial to this suit, as they are identical in the items of identifying information which they require to be recorded on a voter's registration card. That information includes: the name of the applicant; his occupation; his address; his sex; his color; his height; the color of his hair; the color of his eyes; and the date of his birth.[2]

Even assuming that Count I successfully alleges violations of the Fourteenth and Fifteenth Amendments,[3] the race recordation requirement of the challenged statutes withstands the judicial scrutiny called for by such an allegation, inasmuch as it is reasonably related to the legitimate state interest of preventing voter fraud. The Supreme Court has recognized that the prevention of such fraud "is a legitimate and compelling government goal." Dunn v. Blumstein, 405 U.S. 330, 345, 92 S.Ct. 995, 1004, 31 L.Ed.2d 274 (1972). Vot-

---

1. 25 P.S. § 623–20 sets out the registration procedure for citizens of first-class cities, and 25 P.S. § 623–20.2 provides a registration procedure for such citizens who are in the military. 25 P.S. §§ 951–18 and 951–18.1 are the counterparts to §§ 623–20 and 623–20.2 for all municipalities which are smaller than first-class cities. 25 P.S. § 951–18.2 provides a manner of registration for citizens of such smaller municipalities who are ill or disabled.

2. The statutes require other information, besides identifying characteristics, to be recorded as well, but it is not relevant to this lawsuit.

3. Count I does not appear to properly state a claim for relief under either amendment. First, because it does not point to any classification created by the statutes, it does not properly allege a violation of the equal protection clause. Moreover, because the statutes in fact create no distinction on any basis, they clearly create no distinction on the basis of race, and hence could not be consid-

ered an abridgement of the right to vote "on account of race, color, or previous condition of servitude[,]" which is the only kind of voting right abridgement prohibited by the Fifteenth Amendment. Accordingly, plaintiffs' conclusory allegation that the statutes violate the Fifteenth Amendment is without merit. Finally, the conclusory assertion that the race recordation requirement violates the privileges and immunities clause would also appear to be meritless on its face. A liberal reading of the complaint reveals at most an allegation of an abridgement of voting rights in the sense that a person who does not wish to have his race recorded on his registration card may be precluded from registering to vote. Such an allegation fails to describe a true restriction of the right to vote. If plaintiffs' argument were correct, any qualification placed on the right to vote, even the basic requirement of registration itself, would constitute an unlawful abridgement of the voting rights of any person who for esoteric reasons declined to fulfill the qualification.

er identification provisions are an essential means of achieving that goal, and the skin pigmentation of an individual is a valid and recognized means of identification. Particularly because "color" is merely one of several identifying characteristics that must be recorded on an individual's registration card, we find that Pennsylvania's race recordation requirement for voter registration is intended to, and actually does, further the legitimate state goal of prevention of voter fraud.

■ Count I's non-constitutional claims may be dealt with summarily.[4] The complaint does not successfully assert a violation of 42 U.S.C. § 1971(a)(1) because it alleges no "distinction of race, color, or previous condition of servitude[,]" *id.*, inasmuch as it alleges no distinction whatsoever. Nor does the complaint properly allege a violation of Article 7, Section 1 of the Pennsylvania Constitution; the claim that the challenged statutes improperly add the characteristic of race to the qualifications of voters specified in that constitutional provision is so clearly incorrect as to be frivolous.

■■ Plaintiffs allege in Count II that, insofar as 25 P.S. §§ 623–24 and 951–22 permit voter registration officials to reject an application for registration on the ground that the "color" entry on the registration card has not been completed, they are in violation of the Fifteenth Amendment. The short answer to this allegation is that it fails to state a claim for relief because it does not allege any abridgement of the right to vote "on account of race, color, or previous condition of servitude[,]" which is the only form of voting right abridgement forbidden by the Fifteenth Amendment.

■ Furthermore, even reading Count II to allege a violation of the Fourteenth Amendment's prohibition against arbitrary state action by virtue of a registration official's authority to require completion of the color portion of the registration card as a precondition to registering to vote, such a claim does not amount to a stated violation of the Constitution. There is a great difference between rejecting an applicant because of his race and rejecting an applicant because of his failure to answer relevant questions needed to assist election officials in preventing voter fraud. Cf. Konigsberg v. State of California, 366 U.S. 36, 81 S.Ct. 997, 6 L.Ed.2d 105 (1961). In sum, Count II also fails to state a claim upon which relief can be granted.

■ Finally, in Count III plaintiffs attack the legality of 25 P.S. § 162, "Tax for election expenses in Philadelphia," on the ground that it is in effect a poll tax. Inasmuch as Section 162 applies only to residents of the city of Philadelphia, and neither plaintiff is a resident of that city and thus neither is subject to the tax, plaintiffs do not satisfy the case or controversy requirement of "injury in fact" which is necessary to give them standing to challenge the statute in question. Association of Data Processing Organizations v. Camp, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

For the foregoing reasons, the complaint must be dismissed.

---

4. In a case otherwise properly before a Three-Judge District Court because of the nature of the constitutional challenge to a state statute, the Court may also address the non-constitutional grounds of attack upon the statute. See Florida Lime and Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960).